IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JELEICE WILLIAMS<br>17697 Mapleboro Avenue<br>Maple Heights, Ohio 44137<br><br>    On behalf of herself and all others<br>    similarly situated<br><br>                         Plaintiffs,<br><br>                v.<br><br>TRUE NORTH ENERGY, LLC<br>c/o CT Corporations Systems, Statutory Agent<br>4400 Easton Commons Way Suite 125<br>Columbus, Ohio 43219<br><br><br>    -and-<br><br>TRUE NORTH HOLDINGS, INC.<br>c/o W.G. Lyden, III<br>5565 Airport Highway<br>P.O. Box 351090<br>Toledo, Ohio 43615<br><br>    -and-<br><br>TRUE NORTH MANAGEMENT, LLC<br>c/o W.G. Lyden, III<br>5565 Airport Highway<br>P.O. Box 351090<br>Toledo, Ohio 43615<br><br>                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br><br><br>**COLLECTIVE ACTION**<br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

    Plaintiff Jeleice Williams ("Williams") brings this action against Defendants True North Energy, LLC, True North Holdings, Inc., and True North Management, LLC, d/b/a truenorth (collectively "True North"), seeking all available relief under the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and the Ohio Minimum Fair Wages Standards Act (the "Ohio



Wage Law"), O.R.C. §§ 4111.01 *et seq*. Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Wage Law claims are asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## PARTIES AND VENUE

1. Williams is a resident of the city of Maple Heights, county of Cuyahoga, state of Ohio. Williams consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).[1]

2. True North Energy, LLC is a foreign limited liability company lawfully licensed to conduct business in the state of Ohio, with its principal place of business located at 10346 Brecksville Road, Brecksville, Ohio 44141. True North Energy, LLC maintains a place of business located at 21920 Miles Road, Cleveland, Ohio 44128.

3. True North Holdings, Inc. is a domestic for-profit corporation lawfully licensed to conduct business in the state of Ohio, which maintains a place of business located at 21920 Miles Road, Cleveland, Ohio 44128.

4. True North Energy, LLC is a joint venture between True North Holdings, Inc. and Shell Oil Company.

5. True North Management, LLC is a domestic limited liability company lawfully licensed to conduct business in the state of Ohio, which maintains a place of business located at 21920 Miles Road, Cleveland, Ohio 44128.

6. During all times material to this Complaint, True North was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

---

[1] See Exhibit 1, attached hereto.



7. True North is, and at all times hereinafter mentioned was, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done or not less than $500,000.

8. During all times material to this Complaint, Plaintiff and the putative class members, as defined herein, were "employees" of True North within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

9. The putative FLSA class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 44 of the Complaint.

**JURISDICTION & VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff and the putative class members are alleging Federal Law Claims under the FLSA, 29 U.S.C. § 216(b).

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as Plaintiff's and the putative class members' state law claims are so closely related to their federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

12. This Court has personal jurisdiction over True North Energy, LLC because it is a is a foreign limited liability company lawfully licensed to conduct business in Ohio, maintains hundreds of gas stations throughout Ohio, and conducts business in Ohio.



13. This Court has personal jurisdiction over True North Holdings, Inc. because it is a domestic for-profit corporation that maintains a facility in Ohio and conducts business and employment practices in Ohio.

14. This Court has personal jurisdiction over True North Management, LLC because it is a domestic limited liability company that maintains a facility in Ohio and conducts business and employment practices in Ohio.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendants are and always have been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Defendants have received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, Defendants were registered to conduct business in the State of Ohio, and conducted substantial business in the State of Ohio.

## FACTS

16. Williams worked for True North from June of 2015 until June 18, 2017.

17. True North hired Williams as a Customer Service Representative for True North Store 345, located at 21920 Miles Road, Cleveland, Ohio 44128 in or around June 2015.

18. In or around April 2016, True North promoted Williams to an Assistant Store Manager for True North Store 345, located at 21920 Miles Road, Cleveland, Ohio 44128.

19. Throughout her employment with True North, Williams was an paid an hourly wage.

20. At all times material to the Complaint, Williams worked between 40 and 65 hours per week on average.

21. True North, however, did not pay Williams for the total hours she worked each week.



The Employee's Attorney.™

22. For each week that Williams worked, True North marked a portion of Williams' hours as "unpaid."

23. Williams was not paid for hours marked "unpaid" even though she performed work for True North during those hours at the direction of True North.

24. Williams was often told to not clock-in when she was performing work for True North at the direction of True North prior to her scheduled shift beginning.

25. Williams was often instructed to clock-out at the end of her shift although she was required to continue performing work for True North at the direction of True North after her scheduled shift ended and she had clocked-out.

26. Often, the hours marked "unpaid" on Williams's time card were hours that Williams had worked in excess of 40 hours per week.

27. True North adjusted Williams' clock-in and clock-out times in order to avoid paying Williams for all hours worked.

28. On May 20, 2016, former Assistant Manager John Hamrick filed a lawsuit against Defendants in the Northern District of Ohio asserting claims for violations of the FLSA ("*Hamrick* Litigation").[2]

29. The *Hamrick* Litigation specifically sought unpaid wages springing from Defendants' practice of having Assistant Managers perform "fuel price surveys" of competitor gas stations before and after they clocked in each day.

30. The *Hamrick* Litigation was certified as a collective action on July 20, 2016.

31. The class at issue in the *Hamrick* Litigation was limited to Assistant Managers, and did not include other hourly employees.

---

[2] See *Hamrick v. True North Management, LLC*, No. 1:16cv01216.



32. The court-approved "Notice Of Pending Fair Labor Standards Act Lawsuit" narrowly defined the scope of the FLSA claims at issue in the Hamrick Litigation as follows:

> This lawsuit alleges that the Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay their Assistant Managers for all time worked, including overtime. Specifically, the lawsuit alleges Plaintiff and other Assistant Managers are full-time employees at True North gas stations who are typically scheduled at or near 40 hours per week, paid by the hour, and classified as non-exempt employees under the FLSA. Defendants require their Assistant Managers to, among other things, perform fuel price surveys of competitor gas stations off-the clock before and after work. These fuel price surveys require Assistant Managers to drive past competitor gas stations, make note of the prices being charged for fuel by these competitors, and report these prices once they get to work and again after they leave work. However, Defendants require that employees' (including Assistant Managers) clock-in and clock-out times for pay purposes adhere closely to their scheduled hours, and expressly prohibit clocking in earlier than (5) five minutes prior to their shift starting and clocking out more than (5) five minutes after their shift ends.
>
> Plaintiff therefore alleges that Defendants require Assistant Managers to perform these fuel price surveys off-the-clock before arriving at work for their scheduled shift and after clocking out and leaving work at the end of their scheduled shift. As a result, Plaintiff alleges he and other similarly situated Assistant Managers have been denied pay for all hours worked and overtime pay at one and one half times their regular rate in violation of the FLSA.

33. A true and accurate copy of the "Notice Of Pending Fair Labor Standards Act Lawsuit" that was issued in the *Hamrick* Litigation is attached hereto as Exhibit 2.

34. The *Hamrick* complaint did not allege that Defendants were shaving time from Assistant Manager's time cards, or simply refusing to pay Assistant Managers for all hours worked.

35. The *Hamrick* complaint did not allege that Assistant Managers were not paid for "unpaid time" on their time cards.

36. The claims at issue in the *Hamrick* Litigation differ materially from the claims raised in this action.

37. Williams did not opt-in to the *Hamrick* Litigation.

38. In or around October or November of 2016, the parties to the *Hamrick* Litigation entered into a settlement agreement ("Settlement Agreement").

39. A true and accurate copy of the Settlement Agreement is attached hereto as Exhibit 3.



40. As it related to the class claims that had been asserted in *Hamrick*, the Settlement Agreement specifically stated that the class members released and forever discharged Defendants for all claims, damages, or liability arising under state and federal wage and hour laws **as asserted** in the Hamrick Litigation.

41. By its own express terms, the Settlement Agreement did not contemplate and does not cover the claims asserted in this action.

42. The *Hamrick* litigation put Defendants on notice that their pay practices violated the FLSA.

43. Despite being aware that True North's pay practices violated the FLSA, Defendants continued to engage in conduct that blatantly violated the FLSA.

44. Defendants' violations of the FLSA were willful and reckless.

45. Defendants lacked good faith and acted unreasonably in violating the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly situated individuals who are part of the following class:

    All individuals employed by True North who are or were hourly-paid, FLSA non-exempt employees who were not paid for all hours worked, and/or overtime compensation at a rate of one-and-one-half times their respective regular rates of pay for hours worked over forty (40) in a workweek at any time during three (3) years preceding the filing of this action.

    These individuals are referred to as the "FLSA Class" or "FLSA Class Members".

47. Collective Action treatment of Plaintiff's and the FLSA Class Members' FLSA claims is appropriate because Plaintiff and the FLSA Class Members have been subjected to the common business practices referenced herein, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether True North's



companywide practices fail to properly compensation the FLSA Class Members for all hours worked.

48. Plaintiff seeks to recover all wages owed to herself and the FLSA Class Members for unpaid regular and overtime hours worked, liquidated damages to the fullest extent allowable under the FLSA and Ohio Wage Law, all available equitable relief, including attorneys' fees and associated litigation costs.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME COMPENSATION

49. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully stated herein.

50. During all times material to this Complaint, Defendants were employers covered by the FLSA.

51. During all times material to this Complaint, Plaintiff and the FLSA Class Members were employees who were not exempt from overtime compensation under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees as defined under the FLSA, and were entitled to one-and-one-half times their respective regular rates for hours worked in excess of forty (40) hours per workweek.

52. During all times material to this Complaint, Defendants violated the FLSA with respect to the Plaintiff and the FLSA Class Members by, *inter alia*, failing to compensate them for every hour worked in a workweek, where each hour worked includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business and where the employer knew or should have known that the employee was spending the time at issue primarily for the employer's benefit.

53. During all times material to this Complaint, Defendants violated the FLSA with respect to the Plaintiff and the FLSA Class Members by, *inter alia*, failing to compensate them at one-and-



one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

54. During all times material to this complaint, Defendants knew that Plaintiff and the FLSA Class Members were not exempt from the overtime obligations imposed by the FLSA. Defendants also knew that they were required to pay Plaintiff and the FLSA Class Members overtime compensation at a rate of one-and-one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendants willfully withheld and failed to pay the FLSA Class Members for all time worked, including overtime compensation, to which Plaintiff and the FLSA Class Members are entitled.

55. In violating the FLSA, Defendants acted willfully, without a good faith basis, and in reckless disregard of clearly applicable FLSA provisions.

56. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff and those similarly situated for the full amount of the required overtime obligations, an additional equal amount as liquidated damages, as well as costs and reasonable attorneys' fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

57. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek.

59. The Ohio Wage Act requires that employees receive overtime compensation at a rate of one-and-one-half times the employee's regular rate of pay for all hours worked over forty (40) in a workweek.



60. During all times material to this Complaint, Defendants were employers required to comply with the Ohio Wage Act's mandates.

61. During all times material to this Complaint, Plaintiff was an employee entitled to individual protection of the Ohio Wage Act.

62. Defendants violated the Ohio Wage Act with respect to Plaintiff by, *inter alia*, failing to compensate Plaintiff for all hours worked, failing to pay Plaintiff the minimum wage for all hours worked, and failing to pay Plaintiff overtime for all hours worked over forty (40) in a workweek.

63. In violating the Ohio Wage Act, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Jeleice Williams requests judgment against Defendants and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by True North Energy, LLC, True North Holdings, Inc., and True North Management, LLC, who work or have worked as non-exempt FLSA employees as described herein, and who were not paid for all hours worked, paid less than the minimum wage, and/or denied payment for overtime hours worked at any time during the three (3) years preceding the filing of this action;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);



(c) Awarding to Plaintiff and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

(d) Awarding Plaintiff and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(e) Awarding Plaintiff and the FLSA Class Members such other and further relief as the Court deems just and proper;

(f) An injunction prohibiting True North Energy, LLC, True North Holdings, Inc., and True North Management, LLC, from engaging in future violations of the FLSA and Ohio Wage Act; and

(g) For a judgment against Defendants for all damage, relieve, or any other recovery whatsoever.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Jeleice Williams*



## JURY DEMAND

Plaintiff Jeleice Williams demands a trial by jury by the maximum number of jurors permitted.

>                                     */s/ Chris P. Wido*
>                                     Christopher P. Wido (0090441)
>                                     **THE SPITZ LAW FIRM, LLC**

