UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JELEICE WILLIAMS, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRUE NORTH ENERGY, LLC, *et al*,<br><br>Defendants. | Case No. 1:17-cv-02028<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>MAGISTRATE JUDGE<br>JONATHAN D. GREENBURG<br><br>**JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |

Plaintiff Jeleice Williams ("Plaintiff") and Defendants True North Energy, LLC, True North Holdings, Inc. and True North Management LLC ("Defendants") (Plaintiff and Defendants collectively referred to as the "Parties"), by and through counsel, and respectfully move this Court for an Order approving the Settlement reached by the Parties and memorialized in the Confidential Settlement Agreement and General Release ("Settlement"), attached as Exhibit A. The Settlement seeks to resolve the claims Plaintiff asserted against Defendants including claims under the Fair Labor Standards Act ("FLSA") and Ohio law relating to the payment of wages.

The Parties respectfully submit that the Settlement between Plaintiff and Defendants is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arm's length negotiations among the Parties, conducted by experienced counsel with the assistance of a private mediator. If approved by the Court, the Settlement will make substantial settlement payments to Plaintiff.

The settlement documents submitted for approval by the Court consist of the following:

Exhibit A: Confidential Settlement Agreement and General Release ("Agreement")

Exhibit B: Stipulated Order and Final Judgment

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

## I. THE ACTION

On September 27, 2017, Plaintiff Jeleice Williams initiated this action against Defendants under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). [Dkt. #1]. Specifically, Plaintiff alleged that she had not been compensated for time she had recorded as having worked. Defendants denied these allegations. [Dkt. #8].

During a Status Conference Call with the Court and Defendants' counsel on February 13, 2018, Plaintiff's counsel indicated that his client desired to amend her Complaint to replace her claims with the claims asserted in the case of *John Hamric, et al. v. True North Management, LLC,* Case No. 1:16-cv-01216, a settled collective action (which Plaintiff had not opted in) involving different clams of denial of compensation for alleged off-the-clock work. The Court approved the oral motion for leave to file an Amended Complaint. [Electronic Notice, Minutes of Proceedings of 2/13/18]. The Parties commenced and concluded settlement negotiations before Plaintiff filed her Amended Complaint.

## II. THE NEGOTIATIONS

The Parties through their respective experienced attorneys, engaged in arm's length negotiations in an effort to resolve this matter. Specifically, on or about February 18, 2018, Defendants' counsel submitted (via e-mail) an initial offer. Plaintiff's counsel tendered (also via e-mail) a counter-demand on February 21. On February 23, Defendants' counsel submitted (via e-mail) a counter-offer, followed by telephone conversation that discussed each party's respective settlement authority. On or about February 28, the parties' counsel participated in another telephone conversation, during with Defendants' counsel extended another counter-offer. Plaintiff's counsel responded to that counter-offer via e-mail later that evening with an

acceptance of the monetary component. During the following week, counsel for the parties resolved the remaining non-monetary terms, and the submitted to the Court a Notice of Settlement on March 8. Thus, the Parties reached agreement for full resolution of this matter.

### III. THE SETTLEMENT TERMS

If approved by the Court, the Settlement will forever resolve all issues between Plaintiff and Defendants.[1] The Total Settlement Payment of REDACTED dollars ($X,XXX.XX) will be distributed as follows:

- Plaintiff - a total amount of $X,XXX.XX dispersed as follows:

    o A check for _____REDACTED_____ Dollars and REDACTED Cents ($X,XXX.XX), minus all applicable withholdings, in accordance with Plaintiff's previously elected wage withholding instructions, made payable to "Jeleice Williams" for allegations of lost wages.

    o A check for _____REDACTED_____ Dollars and REDACTED Cents ($X,XXX.XX) made payable to "Jeleice Williams."

- Attorneys' fees and costs - a total amount of $X,XXX.XX dispersed as follows:

    o A check for _____REDACTED_____ Dollars and REDACTED Cents ($X,XXX.XX) made payable to "The Spitz Law Firm LLC" for allegations of attorneys' fees and costs.

These payments will be made no later than fifteen (15) calendar days after the date of the Court's entry of an Order granting approval of the Settlement and dismissal of the action with prejudice or fifteen (15) days after receipt by counsel for Defendants of the Agreement executed by Plaintiff or fifteen (15) days after receipt by counsel for Defendants of W-9 Forms for Plaintiff and her attorneys, whichever is later.

---

[1] The settlement is between only Plaintiff and one of the Defendants: True North Management LLC, because that Defendant is Plaintiff's only actual employer and the party authorized to implement the settlement terms. This issue was addressed and resolved in the *Hamric* lawsuit (which also named all three Defendants in its initial Complaint), with Plaintiff's counsel in that case agreeing to dismiss the other two Defendants via an Amended Complaint. the Parties' counsel have discussed this issue, and they agree with the proposed arrangement.

**IV.     THE PROPRIETY OF APPROVAL**

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA as explained below, Court approval is warranted.

**A.     The Settlement is a fair resolution of a bone fide dispute.**

The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

The payment to Plaintiff is fair, reasonable, and adequate given that there exist bona fide disputes between the Parties, including whether Plaintiff is entitled to her claimed overtime compensation. The range of possible recovery is open to dispute.

- During settlement negotiations, Plaintiff contended that she was entitled to nearly $X,XXX.XX in unpaid wages plus liquidated damages in an equal amount. She also claimed another $X,XXX.XX in attorney fees and costs, for a combined amount of $X,XXX.XX.

- Defendants contended that: (1) Plaintiff did not perform the work that was the subject of the *Hamric* lawsuit, or at the very least, performed a much smaller amount of that work than the assumptions made in the settlement formula used in *Hamric*; (2) Defendants properly paid Plaintiff for all hours that she actually worked; (3) Plaintiff is not entitled to any additional wages; and (4) even applying the formula developed and used in the *Hamric* settlement, Plaintiff was entitled to less than $X,XXX.XX in combined unpaid wages and liquidated damages.

- In addition, significant disagreement existed over whether Defendants are liable for liquidated damages.
- Furthermore, the settlement includes Plaintiff's release of any and all additional claims she may have had against True North Management LLC.

The Settlement between the Parties results in Plaintiff receiving XX.X% of the amount of her claimed unpaid wages and liquidated damages, less payments of attorneys' fees and costs, and more than she would receive under a strict application of the *Hamric* settlement formula.

The Parties recognized and took into consideration the risks and costs associated with protracted litigation in reaching this resolution.  Accordingly, the settlement proceeds are fair, reasonable and adequate.

The payment of attorneys' fees and costs is likewise fair, reasonable, and adequate.  Such fees and costs represent XX% of the total settlement and $X,XXX.XX in costs.  Courts within the Sixth Circuit consider the following in determining what constitutes a reasonable and fair percentage of attorneys' fees:  (1) the value of the benefits to the class; (2) society's interest in rewarding attorneys who achieve such benefits; (3) whether the services were undertaken on a contingent fee bass; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the skill of the litigators on both sides.  *Rotuna v. West Cust. Mgm't Group LLC*, 2010 WL 2490989, at *2 (N.D. Ohio June 15, 2010); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 (N.D. Ohio March 8, 2010).  Based upon these factors, in particular the total settlement amount and the complexity of this matter, as well as such awards in similar cases, attorneys' fees in the amount of XX-XX% the total settlement amount is reasonable.  *See Dillworth*, 2010 WL 776933 at *8 (approving award of one-third of settlement payment for attorneys' fees; finding award reasonable in comparison with "similar FLSA collective actions in this judicial district."; *Rotuna*, 2010 WL 2490989, at *5 (approving an award of one-third of

settlement payment for attorneys' fees); *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994 (S.D. Ohio May 30, 2012)(approving an award of attorneys' fees of nearly 52% of the total settlement amount and costs in the amount of $28,301.57).

## V.  CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as Exhibit B.

                                               Respectfully submitted,

                                               **ZASHIN & RICH CO., L.P.A.**

| /s/ *Christopher P. Wido* | /s/ *George S. Crisci* |
|---|---|
| Christopher P. Wido (0090441) | George S. Crisci (0006325) |
| **THE SPITZ LAW FIRM** | 950 Main Avenue, 4th Floor |
| 25200 Chagrin Boulevard, Suite 200 | Cleveland, OH 44113 |
| Beachwood, Ohio 44122 | Tel: 216/696-4441 |
| Telephone: 216.291.4744 | Fax: 216/696-1618 |
| Facsimile: 216.291.5744 | Email:  gsc@zrlaw.com |
| Email: chris.wido@spitzlawfirm.com | **Attorneys for Defendants** |
| **Attorney for Plaintiff Jeleice Williams** | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Joint Motion for Approval of Confidential Settlement and Stipulation of Dismissal with Prejudice* was filed electronically with the Court's electronic filing system and will be served on all parties via the Court's electronic filing system.

/s/ *George S. Crisci*
George S. Crisci
**Attorneys for Defendants**